IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| HUMBERTO AYALA FRANCO,<br><br>*Petitioner*,<br><br>v.<br><br>TODD BLANCHE, Acting U.S. Attorney General; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD LYONS, Acting Director of Immigration and Customs Enforcement; MARCOS CHARLES, Acting Associate Director of Enforcement and Removal Operations; and ALEXANDER SANCHEZ, Warden of the IAH Secure Adult Detention Facility,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00312<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Humberto Ayala Franco ("Franco")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 2]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Humberto Ayala Franco is a Mexican national who illegally entered the United States on September 30, 2003. [Dkt. 2 at ¶ 21]. On November 5, 2025, United States Immigration and Customs Enforcement ("ICE") detained Franco. *Id.* at ¶ 22.

On January 16, 2026, Franco brought a habeas corpus petition alleging a violation of the Fifth Amendment to the United States Constitution, Accardi Violation, and bond regulations.[1] This first petition was denied on March 10, 2026.[2] On April 30, 2026, Franco brought a habeas corpus petition,

[1] [1] *See* Petition for Writ of Habeas Corpus, Ayala Franco v. Bondi et al, No. 9:26-cv-26 (E.D. Tex. Jan. 16, 2025), Dkt. No. 1

[2] *See* Order Denying Petition for Habeas Corpus, Ayala Franco v. Bondi et al, No. 9:26-cv-26 (E.D. Tex. Mar. 10, 2025), Dkt. No. 3.

claiming that his detention violates the Fifth Amendment to the United States Constitution and the Equal Protection Clause. [Dkt. 2].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Second or Successive Habeas Petition

Generally, it is an "abuse of the writ" of habeas corpus to file a second habeas petition asserting grounds for relief that could have been raised in the first petition. *McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994). District courts have "sound discretion" to dismiss second or successive habeas petitions as abuses of the writ. *Id*. Dismissal is improper only when the petitioner demonstrates that some "external impediment" prevented him from raising his arguments in his first petition, and that dismissal would prejudice him. *See id*.

Here, Franco's Second Petition reinstates the Due Process argument contained in the First Petition, along with an Equal Protection Argument.[3] Franco offers no reason why his prolonged detention claim could not have been raised in his First Petition. *See* [Dkt. 2]. Accordingly, Franco's Second Petition is an abuse of the writ of habeas corpus. *See McGary*, 27 F.3d at 183.

[3] *Compare* [Dkt. 2] with Petition for Writ of Habeas Corpus, Ayala Franco v. Bondi et al, No. 9:26-cv-26 (E.D. Tex. Jan. 16, 2025), Dkt. No. 1

## IV. CONCLUSION

It is therefore **ORDERED** that Franco's Petition for Writ of Habeas Corpus [Dkt. 2] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 15th day of August, 2026.**

Michael J. Truncale
United States District Judge